## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

       Plaintiff

v.

DELANEY CONSTRUCTION PAVING
AND JOHN DELANEY

       Defendants.

Case No. 2:22-cv-03261-JMY

JURY TRIAL DEMANDED

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff ANDREW R. PERRONG respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a

default judgment against Defendants Delaney Construction Paving and John Delaney.

### I.      STATEMENT OF FACTS

<u>Liability:</u> The Plaintiff in this case, Andrew Perrong, received two automated "robocalls" to

his personal telephone number, 215-947-XXXX, which was listed on the National Do Not Call

Registry. Compl. ¶ 28, 32 ECF No. 1; Perrong Dec. The 215-947-XXXX number is a number for

which the called party is charged and Plaintiff received two calls from the Defendants on that

number. Compl. ¶ 35–51, ECF No. 1.; Perrong Dec. Defendants run an asphalt and paving

company under multiple names that provides paving services in the area. Compl. ¶ 45–53, ECF

No. 1. Defendants use telemarketing to market their services, including to persons, like Plaintiff,

who have not consented to receive such solicitations. *Id.* ¶ 2, 3, 41, 63. Defendants used

prerecorded voice message calls to contact the Plaintiff. *Id.* ¶ 45, 47. Plaintiff has pled that the

Defendants to do not maintain a do-not-call policy, nor do they maintain a do-not-call list. Compl. ¶ 65–66 ECF No. 1; Perrong Dec.

<u>Jurisdiction:</u> Defendant Delaney Construction Paving is a Pennsylvania corporation that does business in this District. Its owner, Defendant John Delaney, also resides within this District. Compl. ¶ 5–6.

<u>Injury:</u> The Plaintiff did not consent to these calls. Compl. ¶ 3, 63. To the contrary, Plaintiff placed his number on the Do Not Call Registry. Compl. ¶ 32 ECF No. 1.; Perrong Dec. Plaintiff found the calls invasive of his privacy, annoying, and harassing, and was charged for them. *Id.* ¶ 67.

<u>Damages:</u> Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that, of the two (2) known calls by Defendants to Plaintiff:

- 2 were placed using prerecorded voices to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii);

2

- 2 were placed using an Automatic Telephone Dialing System. 47 U.S.C. § 227(b)(1)(A)(iii);

- 2 violated the Pennsylvania Telemarketer Registration Act. 73 Pa. Cons. Stat. § 2241;

- 2were telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2);

- 2were made without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1);

- 2 were made without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6).

Therefore, Plaintiff is entitled to $15,600 for statutory violations, plus his $402 filing fee and $300 in service costs for a grand total of $16,302.

<u>Posture:</u> On August 15, 2022, Plaintiff filed his complaint against both Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. ECF No. 1. On June 16, 2023, Plaintiff moved for entry of default against both Defendants. ECF No. 7. On June 29, 2023, default was entered against Defendants. Defendants did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## II.    <u>**ARGUMENT AND AUTHORITIES**</u>

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter

jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

### i. Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As they arise from the same nucleus of operative fact, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law telemarketing claims. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995).

### Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the

litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *general* jurisdiction over Defendants Delaney Construction Paving and John Delaney because they are residents of Pennsylvania. The "paradigm all-purpose forum[] for general jurisdiction is a corporation's place of incorporation." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Accordingly, personal jurisdiction over Defendant Delaney Construction Paving is without question because Defendant Delaney is a Pennsylvania corporation.

The Court has *general* jurisdiction over Defendant John Delaney because he resides in this District. When considering personal jurisdiction over an individual, physical presence and residence in a state is sufficient for the Court to exercise personal jurisdiction over a resident defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

ii.    **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant Delaney Construction Paving was properly served with process and therefore had the opportunity to respond but did not. Under Fed. R. Civ. P. 4(h)(1)(A), a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." In turn, Rule 4(e)(1) permits the Plaintiff to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In turn, with respect to serving a corporation, Pa. Rule Civ. P. 424 (2) permits service upon "manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Here, on October 22, 2022, Plaintiff effected service under the aforementioned rules after not having received a completed waiver. The process server's return indicates that service was made upon

5

the business' address, as reflected by various construction equipment with the Defendant's name on them. Upon the process server's return, the process server served the only adult at the business premises, a woman who refused her first name but identified her as a "Delaney." Accordingly, the corporation was served pursuant to the applicable rules, including Rule 4(h)(1)(A), 4(e)(1), and state law, which explicitly permits service upon the person in charge of the business premises at the time.

Under the Federal Rules of Civil Procedure, Defendant John Delaney was also properly served with process. Under Fed. R. Civ. P. 4(e)(2)(A), an individual may be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Here, on October 22, 2022, after not having received a response to his waiver request, the Plaintiff's process server served the complaint, summons and other initiating papers on an adult female residing at Mr. Delaney's house. Thus, Plaintiff effected service under Rule 4(e)(2)(A).

### iii. **Personal Liability**

This case arises out of the Federal Telephone Consumer Protection Act of 1991, as amended. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217 ("[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*.") (emphasis added). This provision applies when "construing and enforcing the provisions of the Communications Act," of which the TCPA is a part. *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

As the owner of Delaney Construction Paving, Delaney was clearly acting "within the scope of his employment" when he orchestrated the placing of the calls to Plaintiff. Specifically, he personally recorded the pre-recorded messages at issue, chose the telemarketing equipment that would be used, and personally authorized the telemarketing conduct of his corporation. Compl. ¶ 20–22, 62, ECF No. 1. In TCPA cases such as this, courts have upheld personal liability against the individual Defendants. *See Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (E.D. Mich. Nov. 8, 2013). (Granting plaintiff's motion for summary judgement where the record contained no dispute that the individual corporate officer participated in the payment of and authorization for the fax ads). *See also MLA Int'l, Inc.*, 2022 WL 1238603, at *2–3 (imposing individual liability). Indeed, "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011).

### B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

### i. Without Default, Plaintiff Will be Denied Relief

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party

seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011).

Here, Defendants were made aware of their unlawful conduct when they were served and by virtue of pre-suit communications and a waiver of service, all of which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### ii.    **Defendants have no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants have no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

8

iii.    **Defendants are Culpable for their Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id.* at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, at *75. (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

**C.  The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $16,302, are both reasonable and fair given the circumstances and facts of the case.

i.    **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported

his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 23-67 (date, caller ID, called number, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for:

- *first,* calls placed using a prerecorded voice to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(1)(A); Compl. ¶ 68-72;

- *second,* calls placed using an automatic telephone dialing system to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(1)(A); Compl. ¶ 73-77;

- *third*, violations of the Pennsylvania Telemarketer Registration Act, 73 Pa. Cons. Stat. § 2241; Compl. ¶ 78-82;

- *fourth,* placing telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); placing calls without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1); *and* placing calls without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6). Compl. ¶ 83-88;

First Claim: The elements of the first claim with respect to a prerecorded voice are: (1) the defendant called a number for which the called party is charged; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

Plaintiff's Amended Complaint pleads each element of this claim:

(1) Defendants called a number for which the called party is charged, Compl. ¶ 37–40;

(2) using a prerecorded voice, *id*. ¶ 45, 47

(3.a) without the recipient's prior express consent, *id*. ¶ 63.

<u>Second Claim:</u> The elements of the second claim with respect to an ATDS are: (1) the defendant called a number for which the called party is charged; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

To allege that an automatic telephone dialing system was used, Plaintiff must plead that the system had the capacity "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1163 (2021). After *Facebook*, at least two district courts have evaluated ATDS allegations at the pleading staged based on plausible inferences which suggest that a random or sequential number generator was used to make the calls, such as use of random caller ID numbers, prerecorded messages, and failures to honor do-not-call requests. *See, e.g.*, *Montanez v. Future Vision Brain Bank, LLC*, No. 20-CV-02959-CMA-MEH, 2021 WL 1291182, at *7 (D. Colo. Apr. 7, 2021) (addressing similar allegations to Plaintiff's in the text message context); *McEwen v. NRA*, No. 2:20-cv-00153-LEW, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021).

Plaintiff's Amended Complaint pleads each element of this claim:

(1) Defendants called a number for which the called party is charged, Compl. ¶ 37–40;

11

(2) using an automatic telephone dialing system, *id*. ¶ 57–60 because:

      (2.i) the calls were not personalized or otherwise bore any indicia that they were calling from a list or database, such as that of past customers or customers who had expressed interest. *id*. ¶ 58–59, and

      (2.ii) it would be illogical to send such calls other than randomly or sequentially, particularly because prerecorded messages were sent. *id*. ¶57,

(3.a) without the recipient's prior express consent, *id*. ¶ 63.

<u>Third Claim:</u> The elements of the third claim are: (1) the defendant called the Plaintiff; (2) without registering as a telemarketer under Pennsylvania law. 73 Pa. Cons. Stat. § 2243; 73 Pa. Cons. Stat. § 2245(5) and 2245.1.

Plaintiff's Amended Complaint pleads each element of the second claim:

(1) Defendants called the Plaintiff two times, Compl. ¶ 35;

(2) Defendants are not registered as telemarketers, *Id.* ¶ 28.

<u>Fourth Claim:</u> The elements of the first part of the fourth claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5).

Plaintiff's Amended Complaint pleads each element of the second claim:

(1.a) Defendants called Plaintiff's private telephone number, Compl. ¶ 33;

(2.a) registered on the National Do Not Call Registry, *id*. ¶ 32;

(3.a) at least twice in any 12-month period, *id*. ¶ 35;

(4.a) for the purpose of initiating any telephone solicitation, *id*. ¶ 45, 47.

The elements of the second part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having a written policy, available upon demand, for maintaining a Do-Not-Call list. 47 C.F.R. § 64.1200(d)(1); 47 U.S.C. § 227(c)(5).  Plaintiff's Complaint pleads each element of the second part of the third claim:

(1.b) Defendants initiated a call for telemarketing purposes, Compl. ¶ 45, 47, 61;

(2.b) to Plaintiff's private telephone number, *id.* ¶ 33;

(3.b) without having a written policy, available upon demand, for maintaining a Do-Not-Call list., *id.* ¶ 85.

The elements of the third part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having an internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6); 47 U.S.C. § 227(c)(5).  Plaintiff's Complaint pleads each element of the third part of the third claim:

(1.c) Defendants initiated a call for telemarketing purposes, Compl. ¶ 45, 47, 61;

(2.c) to Plaintiff's private telephone number, *id.* ¶ 33;

(3.c) without having an internal Do-Not-Call list., *id.* ¶ 85.

ii.    **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

13

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff pleads that he received two calls. As outlined above, each of those two calls violates two provisions in subsection (b) [the prohibition against using an ATDS and the prohibition against using a prerecorded voice], and entitles Plaintiff to an award of $500 for each violation, which is trebled, or $6,000. Each call also violated Pennsylvania law, and Plaintiff is entitled for up to treble statutory damages of $300 per call, or $600. 73 Pa. Cons. Stat. § 201; 73 Pa. Cons. Stat. § 2246(a). Also, as outlined above, all two calls violated three separate provisions of section (c) as codified in the Code of Federal Regulations, 47 C.F.R. 64.1200(c)(2) [calling a number on the national DNC registry], 47 C.F.R. 64.1200(d)(1) [failing to have a DNC policy], and 47 C.F.R. 64.1200(d)(6) [failing to have a DNC list], and entitles Plaintiff to an award of $500 for each violation, or $9,000.

The sum of statutory damages, therefore, totals $15,600 [$6,000 + $600 + $9,000]. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of

14

consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $300 in effectuating service of process after his waiver to both Defendants went unexecuted. Perrong Dec. Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $16,302.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $16,302, calculated as follows:

two violations of state law at $300 per violation, plus ten total violations [based on two calls]

times $500 per violation, times treble damages, plus $402 in filing fees, plus $300 in service

fees.

## **CONCLUSION**

Defendants decided to make prerecorded telemarketing robocalls to Plaintiff (to a number

listed on the National Do Not Call Registry, no less) without his consent. Defendants decided not

to defend this lawsuit. Accordingly, entry of default judgment against Defendants is appropriate.

Plaintiff Andrew Perrong respectfully prays for an award of $16,302, plus any other relief that

the court deems just and proper.

Dated: **November 9, 2024**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## **CERTIFICATE OF SERVICE**

Plaintiff certifies that on November 9, 2024, he filed the foregoing via the ECF System.

Furthermore, Plaintiff certifies that he sent copies of the foregoing via first class mail with

tracking number 00310903331480012858189443355157 to:

Delaney Construction Paving
And John Delaney
857 Callowhill Rd.
Perkasie, PA 18944

_____/s/_____
Andrew R. Perrong

16