# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG,

      Plaintiff,

  v.

DELANEY CONSTRUCTION
PAVING AND JOHN DELANEY,

     Defendants.

CIVL ACTION

Case No. 22-cv-3261-JMY

## ORDER GRANTING DEFAULT JUDGMENT

     **AND NOW**, this 13th day of November, 2023, upon consideration of the Complaint (ECF No. 1) and Plaintiff's Motion for Default Judgment (ECF No. 11), and the supporting Declaration attached, it appearing that Defendants were served with process on October 22, 2022, and that Defendant has failed to appear, plead, or otherwise defend, and that the Clerk of Court entered default against Defendant on June 28, 2023, it is **ORDERED** as follows**:**

1. The Motion for Default Judgment (ECF No. 11) is **GRANTED**.

2. The Court finds that Plaintiff has established he is entitled to a default judgment.[1]

3. Accordingly, it is **ORDERED** that judgment is entered in favor of Plaintiff, and against Defendant, in the total amount of $5,600.00,[2][3] itemized as follows:

   - Telephone Consumer Protection Act Damages:     $2,000.00
   - Pennsylvania Telemarketer Registration Act Damages:    $600.00
   - Code of Federal Regulations, 47 C.F.R. 64.1200 Damages: $3,000.00

4. The Clerk of Court shall mark this matter closed.

**IT IS SO ORDERED**

                          */s/ John Milton Younge*
                          Judge Milton John Younge
                          United States District Judge

---

[1] After the Clerk enters default, a court may enter a default judgment against a properly

served defendant who failed to file a timely responsive pleading. *See* Fed. R. Civ. P. 55(b)(2). Three factors control whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). When, as here, a defendant has failed to appear or respond to the Complaint, this analysis is straightforward. Denying Plaintiff's motion prejudices the Plaintiff's ability to effectively pursue her claims. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (listing specific examples of prejudice). Because Defendant has not appeared, the Court may presume that they lack a legitimate defense. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 53 (3d Cir. 2003) (Rendell, J., concurring) ("[I]t makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond."); *Carroll v. Stettler*, No. 10-2262, 2012 U.S. Dist. LEXIS 113660 *3 (E.D. Pa. Aug. 10, 2012). Defendant's refusal to engage in the litigation process is culpable conduct meriting entry of a default judgment. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, No. 08-3825, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009). Once a court grants a motion for default judgment, it must then calculate the appropriate damages. *See Comdyni I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Since the Court can calculate the damages with certainty from documentary evidence and detailed affidavits, it need not hold a hearing. *See Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994); *accord Rainey v. Diamond State Port Copr.*, 354 F. App'x 722, 724 (3d Cir. 2009).

[2] In addition to what is included in the itemized list, Plaintiff also requested that judgment include their filing fee ($402.00) and their fees from effectuating service ($300.00). First, Plaintiff invokes 28 U.S.C. § 1920(1) to recover their filing fee. (Plaintiff's Motion for Judgment ("Pl.'s Mot."), p. 15). This Court will not include the filing fee because Section 1920(1)'s "plain language applies only to public actors." *Knowles v. Temple Univ.*, 109 F.4th 141, 144 (3d Cir. 2024). Here, Plaintiff is not a public actor. Next, Plaintiff cites Federal Rule of Civil Procedure 4(d)(2) to support his claim that he should recover the costs of effectuating service. (Pl.'s Mot., p. 15). Pursuant to FRCP 4(d)(2), "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant… the expenses later incurred in making service." Plaintiff claims to have sent both Defendants waivers for service, but has not provided the Court with evidence of said waivers. As such, the Court will not include these costs.

[3] In Plaintiff's calculations for damages under the Telephone Consumer Protection Act ("TCPA"), and the regulations promulgated thereunder in 47 C.F.R. § 64.1200, he claims that the statutory penalty for each violation should be trebled from $500 to $1,500. (Pl.'s Mot., p. 14). "[T]he court has discretion to award treble damages where the defendant knowingly committed the offense the TCPA prohibits." *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 571 (E.D. Pa. 2019). The Complaint does not include evidence that Defendants knowingly committed the offenses that forms the basis of their violations. As such, the Court will not issue trebled damages, but will instead include the $500 award for each violation.