IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 THE FAIRWAY #131<br>JENKINTOWN, PA 19046<br><br>    Plaintiff<br><br>v.<br><br>DELANEY CONSTRUCTION PAVING<br>AND JOHN DELANEY<br><br>    Defendants. | Case No. 2:22-cv-03261-JMY<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT**

Plaintiff ANDREW R. PERRONG respectfully moves, under Fed. R. Civ. P. 59(e), for an order altering and amending the judgment in this case (ECF No. 12) against the Defendants. As support thereof, the Plaintiff respectfully submits that the District Court erred in holding that *Knowles v. Temple Univ.*, 109 F.4th 141, 144 (3d Cir. 2024), precludes the Plaintiff's request for his $402 filing fee, which is plainly a "fee[] of the clerk" taxable under 28 U.S.C. § 1920(1).

**Background**

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R. § 64.1200. Plaintiff moved for default judgment against Defendants. (ECF No. 11). The Court partially granted the request for default judgment and entered judgment in the amount of $5,600. (ECF No. 12). The Court, however, denied the Plaintiff's request for costs of service and for the $402 filing fee, citing the Third Circuit's recent decision in *Knowles*. Plaintiff here does not seek reconsideration of any part of the judgment,

1

except for the denial of his request for the $402 filing fee. Plaintiff here seeks reconsideration of the Court's holding that the Third Circuit's decision in *Knowles* precludes the Plaintiff's recovery of the filing fee paid to the Clerk in this action. The basis for reconsideration is that the Court committed clear error by holding that the Plaintiff's filing fee is not recoverable because the Plaintiff is not a public actor. As set forth in this motion, that interpretation misreads the Third Circuit's holding in *Knowles*, which clarified only that fees paid to a private process server were not recoverable under 28 U.S.C. § 1920(1), as a private process server is a private individual and not a "clerk or marshal" under the plain text of that statute. Therefore, the Plaintiff respectfully requests that the Court reconsider that aspect of its judgment and amend it to also award the Plaintiff's $402 filing fee as a permissible taxable cost.

**Standard**

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A Rule 59(e) motion is an "extraordinary remedy," to be used "sparingly" and "in consideration of the court system's interests in finality and consideration of scarce judicial resources." *Gok v. Roman Cath. Church*, 550 F. Supp. 3d 221, 230 (E.D. Pa. 2021). A district court may grant a Rule 59(e) motion only under limited circumstances, that of an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice. *Id.* A "clear error of law" is not merely a disagreement between the Court and the litigant, nor is it an opportunity to relitigate issues that the Court has already decided. *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994). Rather, a finding of clear error requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242, (2001). A party seeking to correct a "clear error" must base "its motion on arguments

that were previously raised but were overlooked by the Court." *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).

Under 28 U.S.C. § 1920, Congress permitted a prevailing party to obtain reimbursement for a "narrow" category of expenses "that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, (1987) (cleaned up). "Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs." *Id.* at 437. "The discretion granted by Rule 54(d) is not a power to evade [§ 1920's] specific congressional command." *Id.* at 442.

## Argument

Plaintiff respectfully believes the Court committed a "clear error" in interpreting the plain text of 28 U.S.C. § 1920(1), as well as in interpreting the Third Circuit's holding in *Knowles*. As a matter of well-settled law, as well as traditional tools of statutory construction and interpretation, as applied by the Third Circuit in *Knowles*, the $402 filing fee is plainly a "fee of the clerk" taxable in favor of the "prevailing party" under 28 U.S.C. § 1920(1) and Rule 54(d).

In relevant part, Rule 54(d)(1) states that, "costs—other than attorney's fees—should be allowed to the prevailing party." As the holder of a default judgment, the Plaintiff in this matter is the prevailing party and is entitled to the costs enumerated in 28 U.S.C. § 1920 under the plain language of Rule 54(d). *E.g.*, *St. Paul Fire & Marine Ins. Co. v. AVH Trucking LLC*, No. CIV.A. 07-4802 (WHW), 2008 WL 4601771, at *5 (D.N.J. Oct. 15, 2008) (holding that "costs other than attorney's fees should be allowed to the prevailing party on a motion for default judgment" and awarding filing fee in default judgment under Rule 54(d)(1)). And 28 U.S.C. § 1920(1) explicitly permits recovery for any "fee of the clerk."

The filing fee that the Plaintiff paid in this action to "Clerk, U.S. District Court," is plainly a "fee of the clerk," a public actor, under common sense statutory interpretation and the ordinary meaning of "of" at the time the statute was adopted. At the time the statute was adopted, the word "of" meant "From; indicating derivation, separation, source, etc.," "From, as a cause, motive, or reason; because of," "About; relating to; with reference to," "separated from," or "belonging or pertaining to[.]" *Of*, *Webster's Collegiate Dictionary* (5th ed. 1936). And the Plaintiff duly paid to the Clerk, a public actor, a fee charged by, i.e., "separated from" and "belonging or pertaining to," the Clerk. 28 U.S.C. § 1914 ("*The clerk of each district court shall require the parties* instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, *to pay a filing fee*.") (emphasis added).

The Third Circuit's recent holding in *Knowles*, 109 F.4th 141, does not stand for the proposition that private parties are not entitled to recovery of fees "of the clerk" because private parties are not entitled to recover fees paid to government actors under Section 1920. In *Knowles*, the Third Circuit held that the word "marshal" in the phrase "of the clerk and marshal" does not apply to private parties seeking reimbursement to private entities for costs of service of process. *Id.* at 145. That conclusion is hardly controversial or surprising: a private process server is not a "marshal." *Id.* at 143. No part of the Third Circuit's holding in *Knowles* dealt with the award of filing fees, nor could it, because the defendant there was the prevailing party. As it explained, "[r]ead naturally, "fees of the marshal" means fees belonging to, or incurred by, the marshal—not costs charged by private servers that are equal to or less than the amount of fees that are authorized to be paid to the marshal, as some of our sister circuits have held." *Id.* at 144.

As the Third Circuit went on to elucidate, "[a]t the time of § 1920(1)'s enactment, the term "marshal" referred to a public, not private, actor." *Id.* at 143. So too with the Clerk.

4

Moreover, applying the contrary statutory construction–that the Clerk, as a public entity, is entitled to recover its fees from the prevailing party–would make little sense. The Clerk pays no filing fees; private parties do. And no statute requires any party to pay for the Clerk's operational costs: Congress and the Judicial Conference have set by statute the filing fees parties seeking to initiate a case must pay. And those fees go to defray the Clerk's costs, not those of any private entity. And, as discussed, filers make those payments to the Clerk, not to other private parties or nongovernment actors. The Third Circuit's reasoning reveals no tension: a private party is entitled to recover as taxable costs "expenses incurred by only government actors," not private actors like private process servers charging the same as their government counterparts. *Id.*

This is not to mention that the Third Circuit previously affirmed an award where the district court held that filing fees were a taxable cost under Section 1920(1). *Sch. Dist. of Philadelphia v. Kirsch*, No. CV 14-4910, 2017 WL 131808, at *11 (E.D. Pa. Jan. 11, 2017), aff'd, 722 F. App'x 215 (3d Cir. 2018) ("The District is mistaken in its argument that parents' attorneys are not entitled to recover the requested federal court filing fees. The $800 cost for filing these actions in federal court is reimbursable pursuant to 28 U.S.C. § 1920(1)."). Both this Court and others in this Circuit are in unanimous agreement that the filing fee is a "fee of the clerk" properly taxed under 28 U.S.C. § 1920(1). *E.g.*, *Kent for Broad Reach Cap., LP v. Calcada*, No. 2:21-CV-18396, 2024 WL 4504020, at *2 (D.N.J. July 10, 2024) ("At that time, the filing fee for a complaint in this District was $402.00. This fee is an allowed taxable cost under 28 U.S.C. § 1920(1), and thus the Clerk grants $402.00 as a taxable cost."); *SMP Properties, LLC v. Encore Realty, LLC*, No. CV206676MASDEA, 2024 WL 1975502, at *4 (D.N.J. May 3, 2024) ("The $400 fee for filing a complaint in federal court "is clearly a ... 'fee of the clerk' [under § 1920(1)] and shall be granted."); *J.M. v. Montgomery Cnty. Intermediate*

*Unit*, No. CV 17-1583, 2018 WL 1470125, at *4 (E.D. Pa. Mar. 26, 2018) ("Section 1920 specifically authorizes recovery of fees paid to the clerk and therefore the $400 filing fee sought by plaintiffs will be allowed.").

Therefore, the Plaintiff respectfully submits that the District Court committed plain error in holding that the Plaintiff must be a public actor to recover his filing fee under 28 U.S.C. § 1920(1), or that the Third Circuit's holding in *Knowles*. The Plaintiff is entitled to recover his filing fee paid to the Clerk as a prevailing party under Rule 54(d)(1) and 28 U.S.C. § 1920(1)

## Conclusion

For the foregoing reasons, the Court should amend its judgment to also award Plaintiff his $402 filing fee paid to the Clerk. Plaintiff requests that this judgment amount be entered effective as of the date of the original judgment. Interest is requested pursuant to 28 U.S.C. § 1961(a).

Dated: **November 25, 2024**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

**CERTIFICATE OF SERVICE**

Plaintiff certifies that on November 25, 2024, he filed the foregoing via the ECF System. Furthermore, Plaintiff certifies that he sent copies of the foregoing via first class mail with tracking number 00310903331480012883 to:

Delaney Construction Paving
And John Delaney
857 Callowhill Rd.
Perkasie, PA 18944

                                                                                            _____/s/_____
                                                                                                        Andrew R. Perrong